DEFINITIONS AND GENERAL PROVISIONS
Under the language of House Bill 1416 of the First Regular Session of the Thirty-sixth Oklahoma Legislature, a public body may not meet in executive session for the purpose of privately conferring with the lawyer representing the body. 8 Okl.Op.A.G. (Opinion No. 75-311, January 9, 1976) is hereby expressly overruled. The Attorney General has considered your request for an opinion wherein you ask the following question: "With the enactment of HB 1416 (the Open Meetings Law) by the first session of the 36th Legislature (1977) is Attorney General's opinion #75-311 still in full force and effect?" 8 Okl.Op.A.G. (Opinion No. 75-311, January 9, 1976), reached the following conclusion: "A governing body as defined in 25 O.S. 201 [25-201] (1971) may meet in executive session to privately confer with the lawyer representing said governing body concerning litigation, pending or impending, without violating the provisions of 25 O.S. 201 [25-201]." One of the cases upon which the above conclusion was based was Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). In Laman, supra, the Supreme Court of Arkansas held that the open meeting statute which contained language that an meetings should be open "except as otherwise specifically provided by law" did not countenance a closed meeting for consultation between a city council and its attorney. Laman recognized the attorney-client privilege that had been statutorily codified in Arkansas but in light of the statutory language providing for exception only when "specifically" provided, the Court refused to recognize the attorney-client relation as an exception to the Arkansas open meeting law. Further, the Court said that to allow the general attorney-client privilege as provided by statute to apply to the consultation of a city council with its attorney in private would amount to a striking of the word "specifically" from the public meeting law. House Bill 1416 of the First Regular Session of the Thirty-sixth Oklahoma Legislature provides in Section 3: "All meetings of public bodies, as defined hereinafter, shall be held at specified times and places which are convenient to the public and shall be open to the public, except as hereinafter specifically provided . . . ." Section 7 of House Bill 1416 provides: "No public body shall hold executive sessions unless otherwise specifically provided for herein." None of the provisions of House Bill 1416 permit an executive session for the purpose of privately conferring with the attorney of a public body. It is clear that the Legislature by the inclusion of the word "specifically" in Sections 3 and 7 of House Bill 1416 has evinced its intent that executive sessions of public bodies may be held only for purposes specifically enumerated in Section 7 of House Bill 1416. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: Under the language of House Bill 1416 of the First Regular Session of the Thirty-sixth Oklahoma Legislature, a public body may not meet in executive session for the purpose of privately conferring with the lawyer representing the body. 8 Okl.Op.A.G. (Opinion No. 75-311, January 9, 1976) is hereby expressly overruled. *Editor's Note (MICHAEL CAUTHRON) *ED NOTE: Opinion 77-222 overruled, Oklahoma Ass'n of Municipal Attorneys v. State, Okl., 577 P.2d 1310
(1978).